NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT JOSEPH MURDIE, *Petitioner*.

No. 1 CA-CR 26-0014 PRPC

FILED 08-14-2026

Petition for Review from the Superior Court in Maricopa County
No. CR 2024-121368-001
The Honorable Kerstin LeMaire, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Robert Joseph Murdie, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

**P A T O N**, Judge:

**¶1**　　　　Robert Murdie seeks review of the superior court's dismissal of his untimely post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 33.1. We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　A grand jury indicted Murdie for sexual abuse and assault. Murdie pled guilty to amended counts of sexual abuse, one with a historical prior felony conviction. The parties stipulated to a prison sentence for sexual abuse with a prior conviction and lifetime probation for the other charge once the prison sentence was completed. The court followed the stipulations and sentenced Murdie to 2.25 years' incarceration with a lifetime probation tail in November 2024. Murdie signed for his rights after conviction, which explained that he had to file a PCR notice within 90 days of the entry of sentence or he "may lose the opportunity to have the court correct any errors."

**¶3**　　　　Murdie filed his PCR notice approximately nine months later, in August 2025. Murdie checked the box that he was raising, among other things, that his failure to timely file the PCR notice was not his fault because "[t]he state con? sealed [sic] evidence that would have changed the outcome of the sentence in violation of due process." The superior court dismissed the notice, finding Murdie's explanation of the six-month filing delay was inadequate because he failed to explain "what the evidence [was], why it would have affected the outcome, when he discovered the evidence, or how soon thereafter he sought relief."

**¶4**　　　　Murdie moved for reconsideration. In his motion, Murdie explained he was without fault in being untimely because of the "ambiguous application between subsections (A) and (E)" of Section 13-902. The court denied the motion.

**¶5**　　　　Murdie moved for reconsideration again. In the second motion, Murdie claimed that the basis for his late filing was that the Department of Corrections, Rehabilitation and Reentry sent his legal papers to his trial counsel, so he asked his counsel to file the notice, and counsel failed to do so. When he realized that counsel had not filed the PCR notice for him, Murdie filed the notice pro se. The superior court summarily denied the second reconsideration motion.

¶6 Murdie petitioned this court for review. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 13-4239(C) and Rule 33.16.

## DISCUSSION

¶7 This court will not disturb a superior court's ruling on a PCR petition absent an abuse of discretion or error of law. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012); *State v. Macias*, 249 Ariz. 335, 340, ¶ 16 (App. 2020). It is the petitioner's burden to show the superior court abused its discretion by denying the petition for PCR. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). We review the court's legal conclusions de novo. *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017). A defendant must strictly comply with the PCR rules to be eligible for relief. *See Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger*, 143 Ariz. 142, 146 (1984) ("Petitioners must strictly comply with Rule 32 or be denied relief.").

**I.     Murdie's petition for review to this court is untimely.**

¶8 Rule 33.16(a)(1) provides that "[n]o later than 30 days after the entry of the trial court's final decision on a petition or a motion for rehearing, or the dismissal of a notice, an aggrieved party may petition the appropriate appellate court for review of the decision." The superior court denied Murdie's motion for reconsideration on October 6, 2025, so Murdie's petition for review with this court was due on November 5, 2025. But Murdie did not file his review petition until January 13, 2026. A defendant may request to file a delayed petition under Rule 33.16 with the superior court, but Murdie did not do so in this case. Thus, his petition for review before us is untimely.

¶9 Murdie's second motion for reconsideration was unauthorized and did not extend the time to file a petition for review. *See State v. Littleton*, 146 Ariz. 531, 532-33 (App. 1985) (holding a second motion for reconsideration is not authorized by rule or statute and does not extend the time to appeal). And while the criminal rules authorize the filing of a motion for reconsideration, they expressly preclude the filing of a motion for reconsideration of the denial of a motion for reconsideration. Ariz. R. Crim. P. 31.20(f); *see also* Ariz. R. Crim. P. 33.14(d) (the filing of a motion for rehearing is not a prerequisite to petitioning for review).

¶10 Murdie's claim that he asked his trial attorney to file a PCR notice is waived because he did not raise the issue in his pro se notice or in his first motion for reconsideration, and he raised it only in an unauthorized

second motion to reconsider the denial of his first motion. Murdie's petition is thus untimely.

## II.     Even if timely filed, Murdie's substantive claim lacks merit.

¶11        Even if Murdie's petition for review was timely, his substantive claim lacks merit. The crux of Murdie's argument raised in his first motion for reconsideration was that Section 13-902(A) and (E) conflict and he should have been sentenced under subsection (A) and not (E). Murdie's argument is unavailing.

¶12        Section 13-902 governs the probationary periods that courts may impose following criminal convictions. Subsection (A) sets forth the standard maximum probation periods by felony classification, with class five felonies carrying no more than three years. This subsection provides the default framework for most felony convictions in Arizona.

¶13        Subsection (E) operates as an exception to the general rule established in subsection (A). It provides that "[a]fter conviction of a felony offense or an attempt to commit any offense that is included in chapter 14 or 35.1 of this title or § 13-2308.01, 13-2308.03, 13-2923, 13-3212 or 13-3623, if probation is available, probation may continue for a term of not less than the term that is specified in subsection A of this section up to and including life." This language explicitly references subsection (A) as establishing the minimum probation period, while authorizing courts to extend probation up to life for the specifically enumerated offenses.

¶14        Arizona courts have consistently interpreted these subsections as complementary rather than conflicting. In *State v. Peek*, our supreme court analyzed subsection (E) in the context of lifetime probation for dangerous crimes against children, recognizing that the provision authorizes extended probation terms for specific offenses beyond the general maximums in subsection (A). 219 Ariz. 182, 184, ¶ 10 (2008) ("Thus, lifetime probation was clearly available for an attempted child molestation occurring before 1994 or after the effective date of the 1997 amendment.").

¶15        In *Demarce v. Willrich*, this court confirmed that the superior court has discretion to impose lifetime probation for designated felony offenses under subsection (E), establishing that this provision functions as an enhancement mechanism rather than a contradiction of subsection (A). 203 Ariz. 502, 506, ¶ 15 (App. 2002) ("Thus, the trial court has both the discretion to impose lifetime probation and accept a plea agreement that includes a term of lifetime probation.").

**¶16** Murdie's decision to enter into a plea agreement that stipulated a lifetime probation tail was appropriate. The term was not illegal, and the superior court did not abuse its discretion by denying Murdie's claim to the contrary. *Id.*

**¶17** Murdie also broadly asserts an ineffective assistance of counsel ("IAC") claim. He argues that his counsel's failure to file the notice before the February 10, 2025, deadline amounted to IAC. But Murdie did not raise IAC as an issue in his pro se notice for PCR or in his first motion for reconsideration, so it is waived. Ariz. R. Crim. P. 32.2(a)(3); *State v. Diaz*, 236 Ariz. 361, 363, ¶ 12 (2014) ("[p]reclusion is designed to require a defendant to raise all known claims for relief in a single petition" (citation omitted)).

## CONCLUSION

**¶18** We grant review but deny relief.

